FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 0 2 2006

JAMES N. HATTEN, CLERK
By: 



**View Attachment** [Back to Original Message - Printable View]

**File name:** civil_complaint_091306.doc | **File type:** application/msword

Save to Yahoo! Briefcase - Download File - Need Help?

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Isaac A. Potter, Jr. and   )

Samuel Potter,   )

d/b/a Potter Boys Creations   )

1:06 cv-2076-JEC

)  CIVIL ACTION

Plaintiffs,   )

)  File No.: 06MS061593

vs.   )

)

The Cartoon Network LP, LLLP   )

)

**AMENDED COMPLAINT**

Isaac and Samuel Potter herewith bring this civil action and state the following claim for relief.

**SUMMARY OF CLAIMS**

**Search Shortcuts**

My Photos

My Attachments

 What's your credit score: $0

 Earn a degree in 1 yr.

 Bad Credit Refinance Rates

 Top degrees fast as 12 months

This is a civil action for infringement of a registered copyright, registration number: V8u-357-366, title: "Zodiac Knights 2000", registered October 1995, created 1986-1992; and a registered state trademark file number: 2004-0105 and 2004 0106, pursuant to Indiana Code Section 24-2-1-1 et seq, in which damages and injunctive and other equitable relief are sought.

## PARTIES

1. Isaac A. Potter and Samuel Potter, plaintiffs, are brothers, d/b/a Potter Boys Creations and the registered owners of the copyrights "Zodiac Knights 2000" whose principal place of business is 801 Eighteenth (18th) Street, Orlando, Florida 32805.
2. That the Cartoon Network LP, LLLP, is a corporation doing business and causing business to be done in Florida, Georgia, South Carolina, and throughout the United States and possibly in foreign countries as well.

## JURISDICTION

3. The instant claims are predicated upon infringement of a registered copyright issued by the State of Indiana. Accordingly, this court has subject matter jurisdiction of the instant civil action pursuant to 28 USC 1367.

## FACTS

4. That the plaintiffs allege that they are the owners of the registered copyright known as the "Zodiac Knights 2000" action figures.
5. Plaintiff further allege that the defendant has used the figures copyrighted as "Zodiac Knights 2000" in a variety of venues and in a variety of products and productions, and that the defendants never sought neither were they given permission by the plaintiffs or anyone acting on their behalf to use, market, sell, produce, or anyway use "Zodiac Knights 2000" for any purpose.
6. That the defendant's use of the "Zodiac Knights 2000" have reaped enormous profits and business goodwill from the use of "Zodiac Knights 2000" without the permission or consent of the plaintiffs and to the direct and proximate detriment of plaintiffs' propriety and pecuniary interests.
7. Potter Boys Creations obtained copyright protection through the publication and sale of comic book depictions of the "Zodiac Knights 2000" characters prior to any other publications depicting the same.
8. Potter Boys Creations further exploited and protected their creation by obtaining a U.S. Trademark in the State of Indiana.
9. Subsequent to obtaining the copyright protection for their creation, Potter Boys learned that defendant was airing an animated series on its television station and depicting plaintiff's creation under the name "Knights of the Zodiac" and had prepared approximately sixty episodes of the program to be aired.
10. The television program depicting "Knights of the Zodiac" enjoyed tremendous popularity and widespread viewership during its television run.
11. Upon learning of the television program, plaintiffs immediately verified the existence of the same by viewing the program to analyze its contents and similarities and concluded that it did, in fact, infringe upon their copyrighted materials.
12. Further investigation revealed that defendant and other of its confederates had endeavored to exploit plaintiff's creation through print media, action figure creations, clothing and other merchandising and internet depiction in both domestic and foreign markets generating

        millions in revenue.
13. Plaintiffs contacted defendant and inquired about defendant's copyright or trademark for the characters depicted in its animated series "Knights of the Zodiac" and to inform defendants of its infringement upon plaintiff's protected product rights.
14. Within a short period of time following the above-referenced contact, plaintiffs learned that the animated series was no longer being aired domestically. However, plaintiffs' research revealed that the other forms of merchandising were continuing through internet sales and foreign market exploitation.
15. Plaintiffs also learned that defendant and its confederates unsuccessfully sought to obtain copyright and trademark protection for the characters depicted in "Knights of the Zodiac" after plaintiffs cease and desist notice but were denied both protections
16. Plaintiffs have placed defendants and all other concerned entities on notice to cease and desist from further exploitation of plaintiffs' creation and infringement upon plaintiffs rights, but to no avail.

17. As a direct and proximate result of defendant's wrongful appropriation and exploitation of plaintiff's protected product, plaintiffs have been forced to institute this action to protect such rights and seek the remedies available to them by law.

## COUNT 1

### COPYRIGHT INFRINGEMENT; INJUNCTIVE RELIEF

18. Pursuant to 35 USC Section 283, the plaintiffs, upon the facts set forth in this Complaint, are entitled to injunctive relief prohibiting Cartoon Network from further infringement of the copyright and enjoining any operation of the infringing devices and/or any manufacture or sale or assignment of any other device which infringes upon its copyrighted product.

19. There is a substantial likelihood that the plaintiffs will prevail upon the merits in the final adjudication of this civil action.

20. Infringement of a copyright results in irreparable injury to the plaintiffs and their products for which there is no adequate remedy at law, congress, in recognition of this fact, has enacted 35 USC, Section 283 expressly authorizing injunctive relief against patent or copyright infringement in order to preserve the federally mandated monopoly created by federal and/or state law for the benefit of the patent holder.

21. The hardship upon plaintiffs which will ensue from not enjoining further infringement of the copyright is continuing and irreparable.

22. The issuance of the injunction will not just serve the public interest. To the contrary, granting the injunctive relief sought will serve the express national purpose of protecting federally and state created patent and/or copyrights rights.

23. And for these reasons, plaintiffs seek a temporary restraining order, a preliminary injunction, and a permanent injunction.

## COUNT 2

Yahoo! Mail - ipotter2000@yahoo.com                                    Page 4 of 4

Case 1:06-cv-02076-JEC   Document 5   Filed 10/02/06   Page 4 of 4

### COPYRIGHT INFRINGEMENT, DAMAGES

24. The conduct of the defendants as alleged herein, constitutes copyright infringement entitling the Potter Boys Creations to damages and all other remedies at law and in equity pursuant to 35 USC Section 281.

25. Pursuant to 35 USC Section 284, plaintiffs is entitled to an accounting by Cartoon Network of all revenues received through the commercial operation of the infringing machine, to the imposition of a constructed trust for the benefit of Potter Brothers upon all such funds in the custody and control of Cartoon Network, and to such other damages to which plaintiffs may be determined to be entitled.

### COUNT 3

### COPYRIGHT INFRINGEMENT, ENHANCED DAMAGES AND ATTORNEYS FEES

26. Defendants infringement, as alleged herein, is willful and in bad faith. Accordingly plaintiff is entitled to recover enhanced damages as attorney's fees in addition to its actual damages.

### RELIEF REQUESTED

WHEREFORE, plaintiffs respectfully request the following relief.

a. Upon Count 1, issuance of a temporary restraining order and a preliminary and permanent injunction prohibiting Cartoon Network from operating, assigning, alienating, or selling the infringing machine and prohibiting all future infringement of the copyright owned by the Potter Boys Creations;
b. Upon Count 2, a judgment of damages against Cartoon Network for infringement of this copyright;
c. Upon Count 3, enhancement of damages and attorneys fees;
d. All such other relief of whatever nature as may be just and equitable and/or required or permitted by law.

This is the 29th day of September, 2006

Respectfully Submitted,

Isaac A. Potter, Jr., d/b/a

Potter Boys Creations

Samuel Potter, d/b/a

Potter Boys Creations

Check Mail   Compose                                    Search Mail   Search the Web

Copyright © 1994-2006 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy