IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
AUG 21 2007
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ISAAC A. POTTER, JR., and
SAMUEL POTTER,

    Plaintiffs,

v.

THE CARTOON NETWORK LP, LLLP,

    Defendant.

CIVIL ACTION NO.

1:06-CV-2076-JEC

## O R D E R   &   O P I N I O N

This case is presently before the Court on defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9]. The Court has reviewed the record and, for the reasons set out below, concludes that defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9] should be **DENIED**.

### BACKGROUND

Plaintiffs are brothers who do business as "Potter Boys Creations" in Orlando, Florida. (Am. Compl. [5] at ¶ 1.) Defendant is a corporation doing business throughout the United States. (*Id.* at ¶ 2.) On October, 10, 1995, plaintiff Isaac Potter obtained copyright protection, registration number VAu-357-366, for drawings entitled "Zodiac Knights 2000." (Copyright R. Attached to Pls.' Am.

AO 72A
(Rev.8/82)

Compl. [5].) On August 30, 2003, defendant aired an anime television series entitled "Knights of the Zodiac." (Statement of Facts Attached to Am. Compl. [5] at ¶ 11.c.) Sometime later, plaintiffs became aware of defendant's television program and informed defendant that plaintiffs believed the television program infringed upon their copyright. (Am. Compl. [5] at ¶¶ 11-14.) Plaintiffs contend that after they contacted defendant about the alleged infringement, defendant sought unsuccessfully to obtain copyright and trademark protection for their animated series. (*Id.* at ¶ 15.) At or around this time, plaintiffs registered "Zodiac Knights 2000" as a trademark in Indiana.[1] (Certificates of Trademark Registration Attached to Pl.'s Am. Compl [5].)

On July 18, 2006, plaintiffs filed suit *pro se* in Fulton County court, seeking damages for copyright and trademark infringement. (Ex. A to Def.'s Notice of Removal [1].) Defendant was served with notice of the lawsuit on August 1st, and removed the case to this Court on August 31, 2006. (Def.'s Notice of Removal [1] at ¶¶ 2-3.) On September 5, 2006 defendant filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement [4]. On October 2, 2006, plaintiffs, in lieu of responding to defendant's motion, filed an

---

[1] While "Zodiac Knights 2000" was registered as a trademark in Indiana on March 1, 2004, after defendant first aired "Knights of the Zodiac," it is unclear whether plaintiffs sought trademark registration before or after learning of the program's existence.

Amended Complaint [5]. In light of the filing of this Amended Complaint, the Court denied defendant's motion without prejudice, "as [the] Amended Complaint may [have] cure[d] some of the defects" in the original complaint. (Order [6].) On October 19, 2006, defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint, or, Alternatively, for a More Definite Statement, which is presently before the Court [9].

## DISCUSSION

### I. Standard

#### A. Standard for Dismissal Under Rule 12(b)(6)

Defendants have moved for dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss [9].) In ruling on defendant's motion, the Court must assume plaintiffs' allegations are true and construe all facts and inferences in the manner most favorable to plaintiffs. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). Dismissal is only appropriate if plaintiffs have not pled facts supporting each of the material elements of their allegations. *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969 (2007). "The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997); *see* FED.

3

R. CIV. P. 10(c) (written exhibits attached to a pleading are treated as part of the pleading). Additionally, a "*pro se* complaint [is held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Standard for a More Definite Statement Under Rule 12(e)

Defendant moves alternatively for a more definite statement of plaintiffs' claims. Pursuant to Federal Rule 12(e), defendant is entitled to a more definite statement if plaintiffs' claims are "so vague or ambiguous that a [defendant] cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). For the motion to be granted, the ambiguity must usually lie in "the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Otherwise, discovery, not Rule 12(e) motions, is the proper tool for determining the specifics of the claims. *Id.*

### II. Plaintiffs' Trademark Infringement Claims

### A. Plaintiffs' Trademark Claims Were Not Abandoned

Defendant contends that plaintiffs abandoned their trademark infringement claims, stating that the Amended Complaint "does not contain any allegations of, or request any relief for, trademark infringement." (Def.'s Mem. in Supp. of Its Mot. to Dismiss Pls.' Am. Compl., or Alternatively, for a More Definite Statement [9] at 5.)("Def.'s Mem.") The Court does not find this to be the case. Though plaintiff does not include trademark infringement in one of

4

the "Counts" of the Amended Complaint, the "Summary of Claims" plainly states that "this is a civil action for infringement of . . . a registered state trademark."  (Am. Compl. [5].)  Due to this language, the plaintiffs' *pro se* status, and the plaintiffs' scattered pleading of each of the constituent elements of trademark infringement, discussed *infra*, the Court concludes that plaintiffs have not abandoned their trademark claims.

### B.   Plaintiffs Stated a Lanham Act Claim

Although plaintiffs do not cite their claim as such, their federal trademark infringement claim rises under Section 43(a) of the Lanham Act.  *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).[2]  The elements of a Section 43(a) claim

---

[2]Section 43(a) provides in pertinent part:

(1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . .

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)

AO 72A
(Rev.8/82)

are (1) the plaintiff had rights in the contested mark and (2) the defendant's mark is substantially similar to the mark of the plaintiff such that consumers are likely to be confused. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). Accordingly, these are the elements that must be pled to sustain a claim for trademark infringement under Section 43(a). *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11 Cir. 2001) (complaint must "contain . . . allegations respecting all the material elements necessary to sustain a recovery.")

Defendant argues that plaintiffs have failed to plead five elements of trademark infringement. (Def.'s Mem. [9] at 5.)[3] However, as noted *supra*, there are only two elements a plaintiff must plead to state a claim for trademark infringement. Here, the plaintiffs have pled each of these elements. They allege that they obtained protection for "Zodiac Knights 2000," both through "the publication and sale of comic book depictions" and through the registration of the mark in Indiana. (Am. Compl. [5] at ¶¶ 7-9.) This is sufficient to allege prior rights to the mark under FED. R. CIV. P. 8. Likewise,

---

[3] Specifically, defendant alleges that "the Amended Complaint fails to identify 1) Plaintiff's ownership of any federally-registered trademark, 2) whether any allegedly-infringed trademark is validly registered, 3) whether any alleged trademark claims are based on common law, state law, or federal law, 4) Plaintiffs' prior use in commerce of any allegedly infringed trademarks, or 5) marks adopted by Cartoon Network which are allegedly infringing any trademarks owned by Plaintiffs." (Def.'s Mem. [9] at 5.)

6

plaintiffs alleged that "defendants [sic] use is likely to cause confusion," thus successfully pleading the second required element. (Statement of Facts Attached to Am. Compl. [5] at ¶ 2). Because the Court finds that plaintiffs have pled each element required to state a claim for trademark infringement, defendant's motion is **DENIED** regarding plaintiffs' Lanham Act claim.

### C. Plaintiffs Stated a State Law Trademark Infringement Claim

In the "Summary of Claims" section of the Amended Complaint, plaintiffs allege violation of an Indiana trademark, registered under IND. CODE § 24-2-1-1 *et seq.* The elements of trademark infringement under Indiana state law are substantially the same as the elements of a federal claim for trademark infringement. *See Westward Coach Mfg. Co. v. Ford Motor Co.*, 388 F.2d 627 (7th Cir. 1968). Because plaintiffs successfully pled the elements of a federal trademark infringement claim, *see supra*, they have also pled the elements of a claim under Indiana state trademark law. Therefore, defendant's motion to dismiss for failure to state a claim with regards to the state trademark infringement claim is **DENIED**.

### III. Plaintiffs' Copyright Infringement Claim

To state a claim for copyright infringement, plaintiffs need only claim "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). These two elements are plainly stated in the amended complaint. Plaintiffs

allege that "that they are the owners of the registered copyright known as 'Zodiac Knights 2000'" and that "defendant has used the figures copyrighted as 'Zodiac Knights 2000.'" [Am. Compl. [5] at ¶¶ 4-5].   Thus, plaintiffs have stated a claim for copyright infringement sufficient to meet the liberal pleading standards of Rule 8.  Accordingly, defendant's motion to dismiss for failure to state a claim is **DENIED** with respect to plaintiff's claim for copyright infringement.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or Alternatively, for a More Definite Statement [9].

SO ORDERED, this 21 day of August, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE